UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X        04 CV 4503 (NG) (LB)
CALVIN LIVIO BUCULEI,

        Movant,

  - against -                                    ORDER

UNITED STATES OF AMERICA,

        Respondent.
------------------------------------------------------------X

**GERSHON, United States District Judge:**

      Following a conviction in the United States District Court for the District of Maryland for various crimes involving sexual exploitation of a minor, Calvin Livio Buculei, acting *pro se*, made a motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of certain property that had been seized from his home in Long Island City, New York. By order dated November 18, 2004, the motion was referred to the Honorable Lois Bloom, United States Magistrate Judge, for report and recommendation ("R&R"). In response to Mr. Buculei's motion, the government filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim). In support of its motion, the government submitted the declaration of Special Agent Robert Allen Hamlett of the Federal Bureau of Investigation ("FBI"). Subsequently, Mr. Buculei filed a traverse that addressed both the factual contentions made by Special Agent Hamlett and the legal arguments made by the government. The traverse was not, however, accompanied by any sworn statements or documentary evidence. Magistrate Judge Bloom issued an R&R on March 14, 2006, recommending that the government's motion to dismiss be granted in part, insofar as it was based on lack of subject matter jurisdiction, and denied in part,

1

insofar as it was based on failure to state a claim. The government filed objections to the R&R on May 4, 2006. No objections were filed by Mr. Buculei. The court now adopts Magistrate Judge Bloom's recommendations with modifications, as set forth below.

Upon the termination of criminal proceedings, the government must return seized property to its rightful owner. *United States v. David*, 131 F.3d 55, 59 (2d Cir. 1997). The government need not, however, return property in which it has a continuing interest or that is contraband. *Id*. A district court has ancillary jurisdiction to decide a criminal defendant's post-trial motion for the return of seized property. *Rufu v. United States*, 20 F.3d 63, 65 (2d Cir. 1994). If made after the termination of criminal proceedings against the defendant, as is the case here, such a motion should be treated as a civil complaint for equitable relief. *Id*. The court is required to take evidence and make factual findings to identify any items still in the possession of the government. *Id*.

According to Special Agent Hamlett's declaration, the FBI retained certain photographs seized from Mr. Buculei's home, which appear to depict minor females, so that FBI agents could attempt to identify those females and determine whether any were victims of child sexual exploitation. Thus, based on Special Agent Hamlett's account, the government has a continuing interest in the photographs. Special Agent Hamlett also stated that the FBI retained as contraband a videotape that depicts explicit sexual activity involving a known minor victim of sexual exploitation. Since the government has no duty to return property in which it has a continuing interest or that is contraband, Mr. Buculei's claims with respect to the photographs and videotape described above are subject to dismissal absent an evidentiary showing by Mr. Buculei that calls into question the facts supplied by Special Agent Hamlett.

As Magistrate Judge Bloom found, although the government submitted matters outside the

pleadings for the court to consider on its motion to dismiss– namely, Special Agent Hamlett's declaration– it failed to provide the notice to Mr. Buculei, a *pro se* litigant, that is required by Local Civil Rule 12.1. In the interest of justice, the government will be granted fourteen days to cure this defect.[1] All parties are hereby on notice that the court intends to convert the government's motion to dismiss for failure to state a claim to a motion for summary judgment. The government is directed to serve and file the notice required by Local Civil Rule 56.2 within fourteen days after the date of this order. Mr. Buculei is directed to serve and file any additional evidentiary materials within thirty days after the date of this order. The requirements of Local Civil Rule 56.1 are waived for all parties.

With respect to the other items of property identified in Mr. Buculei's motion, Magistrate Judge Bloom credited Special Agent Hamlett's statement that the items were not currently in FBI custody. According to Special Agent Hamlett, some of the items had been destroyed, some had been returned to Mr. Buculei's mother, and some had never been seized by the FBI. As a result, Magistrate Judge Bloom concluded, correctly, that the court lacks subject matter jurisdiction over Mr. Buculei's claims concerning those items. (Unlike on a motion to dismiss for failure to state a claim, on a motion to dismiss for lack of subject matter jurisdiction, matters outside the pleadings may be considered without converting the motion to one for summary judgment or providing special notice to *pro se* litigants.) Accordingly, with respect to all of Mr. Buculei's claims except those

---

[1] Local Civil Rule 12.1 provides that: "A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers in support of the motion to matters outside the pleadings as described in Federal Rule of Civil Procedure 12(b) or 12(c), shall serve and file the notice required by Local Civil Rule 56.2 at the time the motion is served. *If the court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 12(b) or 12(c), and the movant has not previously served and filed the notice required by Local Rule 56.2, the notice must be served and filed within ten days of the court's ruling.*" (emphasis added).

concerning the photographs of females who appear to be minors and the videotape depicting explicit sexual activity with a known victim of child sexual exploitation[2], the government's motion to dismiss for lack of subject matter jurisdiction is granted.

In sum, with respect to Mr. Buculei's claims for the return of photographs depicting females who appear to be minors and a videotape depicting explicit sexual activity with a known victim of child sexual exploitation, the government's motion to dismiss for failure to state a claim is converted to a motion for summary judgment. The government is directed to serve and file the notice required by Local Rule 56.2 within fourteen days after the date of this order and Mr. Buculei is directed to serve and file any additional evidentiary materials within thirty days after the date of this order. With respect to Mr. Buculei's claims for the return of other seized property, the government's motion to dismiss for lack of subject matter jurisdiction is granted.

**SO ORDERED.**

/S/
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
      June 1, 2006

---

[2] For purposes of this action, the court will treat the videotape as a single item of property and not as a collection of discrete frames. Accordingly, the videotape shall be either returned whole to Mr. Buculei or retained whole by the government, depending on the outcome of the pending motion.