UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CATALIN LIVIO BUCULEI,
                          Plaintiff,

              v.

UNITED STATES OF AMERICA,
                          Defendant.

ORDER
04 CV 4503 (NG) (LB)

**GERSHON, United States District Judge:**

Pro Se plaintiff Catalin Livio Buculei brings this action pursuant to Federal Rule of Criminal Procedure 41(g), seeking the return of property seized from his home during an investigation of crimes involving the sexual exploitation of a minor. The government now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). For the following reasons, the government's motion is granted.

**I.    BACKGROUND**

Following his conviction in the United States District Court for the District of Maryland for various crimes involving the sexual exploitation of a minor, Buculei moved pursuant to Federal Rule of Criminal Procedure 41(g) for the return of certain property the government seized from his home in Long Island City, New York. The government moved to dismiss Buculei's motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this court lacked subject matter jurisdiction and that Buculei failed to state a claim for which relief could be granted. In support of its motion, the government submitted a declaration by Special Agent Robert Allen Hamlett of the Federal Bureau of Investigation describing the status of Buculei's property.

By order dated November 18, 2004, I referred the government's Rule 12 motions to the

Honorable Lois Bloom, United States Magistrate Judge, for a report and recommendation. On June 1, 2006, I adopted Judge Bloom's recommendation with modifications, and ordered that: (1) Buculei's Rule 41(g) motion be construed as a civil action for equitable relief pursuant to *United States v. David*, 131 F.3d 55 (2d Cir. 1997); (2) the government's motion to dismiss for lack of subject matter jurisdiction be granted as to those items that are not in its possession; and (3) the government's motion to dismiss for failure to state a claim be converted into a motion for summary judgment as to those items which remain in its possession. I also directed the government to serve Buculei with the notice required by Local Rule 56.2. On June 11, 2006, the government served Buculei with the required notice, and on June 14, 2006, Buculei submitted a brief and affidavit opposing the government's motion.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The standard for granting summary judgment mirrors the standard for a directed verdict under Rule 50(a), which permits the court to grant a motion for judgment as a matter of law when "there is no legally sufficient evidentiary basis for a reasonable jury" to decide an essential issue in favor of the non-moving party. Fed. R. Civ. P.

50(a)(1); *see id*. at 323.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is "some metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co, Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To prevail, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *id*. at 587.

**B.     Return of Seized Property**

"[U]pon termination of criminal proceedings, 'seized property, other than contraband, should be returned to [its] rightful owner.'" *David*, 131 F.3d at 59 (quoting *United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981)). "However, the government may retain after trial seized property in which it has a 'continuing interest'—that is, an interest beyond the property's use in the criminal proceedings." *Id.* Among other things, the government has a "continuing interest" in property relevant to an investigation. *See id.; Sovereign News Co. v. United States*, 690 F.2d 569 (6th Cir. 1982) (government has continuing interest in property if necessary for an "ongoing or proposed specific investigation").

**C.     The Photo Collection**

Pursuant to my June 1, 2006 order, two pieces of property remain in dispute: a collection of photographic prints and film, some of which is undeveloped (the "photo collection"), and a VHS videotape. In his declaration, Agent Hamlett stated that two packets of photographs from the photo collection were returned to Buculei's mother on Novermber 9, 2000 via registered mail. According to Hamlett, the remaining photographs

> have either been destroyed or are still in the possession of the FBI because they have

> depictions of known minor female victims of sexual exploitation and/or depictions of unknown potential minor female victims of sexual exploitation—these photographs are being maintained by the FBI because of the FBI's continuing interest in comparing the photographs with its Child Victim Identification Program [database], which maintains images of all known child victims of sexual exploitation.

Hamlett Decl. ¶ 9. In his affidavit, Buculei stated that a *single* packet of photographs was returned to his mother, and that the photographs the FBI still possesses depict women older than eighteen years old. Buculei Aff. ¶ 5.

Even assuming the truth of Buculei's statements, summary judgment in favor of the government is appropriate. First, as my June 1, 2006 order explained, this court has no jurisdiction over those portions of the photo collection that were lost or destroyed—including photographs lost in the mail. Even if the photographs were lost as a result of recklessness or malice, this court is precluded from ordering the government to pay Buculei money damages. *See Adeleke v. United States*, 355 F.3d 144, 147 (2d Cir. 2004) (holding, on the basis of sovereign immunity, that "equitable jurisdiction [over seized property] does not permit courts to order the United States to pay money damages").

Second, Buculei has not raised a genuine issue of material fact regarding the government's continuing interest in the remainder of the photo collection. It is undisputed that the photographs in the government's possession were seized from Buculei's Long Island City home, that the photographs depict females, and that the government wishes to use them in its Child Victim Identification Program ("CVIP") database.[1] Taken together, the nexus between the photographs and

---

[1] The CVIP database contains thousands of digitized images of victims of sexual exploitation, which have been seized from criminal defendants and collected from the Internet. Law enforcement agencies use this data with image analysis software to identify victims of crime and to discover patterns in the production of child pornography. The database is not limited to images of persons who are minors.

Buculei's crime, the governments's concern that the photographs may depict victims of crime, and the government's ongoing effort to catalog and monitor the child pornography trade are sufficient to justify retention of the photographs. Accordingly, summary judgment as to the portion of the photo collection that remains in the government's possession is granted in favor of the government.

**D.    The Videotape**

Agent Hamlett stated in his declaration that the videotape "contains depictions of explicit sexual activity with a known minor victim of sexual exploitation" and that it therefore "qualifies as contraband." Hamlett Decl. ¶ 9. Buculei acknowledges that the tape contains images of a victim of sexual abuse, but argues on the basis of a stipulation submitted at trial that the tape is not contraband because it does not depict sexually explicit conduct as defined by 18 U.S.C. § 2256. *See* Buculei Aff. ¶ 7 and n.6. Whether or not the videotape violates the literal terms of the child pornography statute, I find the government is not required to return to a defendant convicted of Interstate Travel with Intent to Engage in a Sexual Act with a Minor in violation of 18 U.S.C. § 2423(b), Sexually Exploiting a Minor for the Purpose of Producing Child Pornography in violation of 18 U.S.C. § 2251(a), and Obtaining Custody and Control of a Minor for the Purpose of Producing Child Pornography in violation of 18 U.S.C. § 2251(A)(b)(2) a videotape depicting him in a motel room with the victim of his crimes. In addition, for the reasons just discussed, the government has a continuing interest in the videotape, in that it depicts a "known" or "potential minor female victim . . . of sexual exploitation." Accordingly, the government's motion for summary judgment as to the videotape is granted.

**III.    Conclusion**

For the reasons above, the government's motion for summary judgment is granted. The

Clerk of Court shall enter judgment and close the case.

SO ORDERED.

_____/s/_____
Nina Gershon, U.S.D.J.

Dated: August 1, 2006
Brooklyn, New York